IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS JOSE PORTES-ORTIZ,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-1321 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MICHAEL MUKASEY,** *et al*, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

Carlos Jose Portes-Ortiz, a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, currently confined in York County Prison, initiated this action by filing a petition for writ of habeas corpus (Doc. 1) pursuant to the provisions of 28 U.S.C. § 2241.  Portes-Ortiz also filed a motion for stay of removal.  (Doc. 5.)  In his petition, Portes-Ortiz challenges an April 29, 2008 order by an immigration judge in York, Pennsylvania, ordering him removed from the United States to the Dominican Republic.  (*See* Doc. 1.)  Portes-Ortiz's appeal to the Board of Immigration Appeals was dismissed on June 25, 2008 for lack of jurisdiction.  (*See* Doc. 1 at 5.)  For the reasons that follow, the petition will be dismissed for lack of subject matter jurisdiction.

The REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, provides that the exclusive remedy for challenging an order of removal is a petition for review filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *see also id.* § 1252(a)(5); *Jordon v. Attorney Gen.*, 424 F.3d 320, 326 (3d Cir. 2005). Moreover, "the [habeas corpus] process is no longer available to any alien, criminal or otherwise, seeking to challenge his or her removal." *Kolkevich v. Attorney Gen.*, 501 F.3d 323, 329 (3d Cir. 2007).

Portes-Ortiz is not requesting release pending his removal on the basis that his continued detention by ICE violates his constitutional rights under *Zavydas v. Davis*, 533 U.S. 678 (2001). Rather, he is challenging his actual removal to the Dominican Republic on the basis that he is entitled to derivative citizenship through his ex-wife and to protection under the Convention Against Torture. Therefore, the petition will be construed as a petition for review of the removal order of the immigration judge. Because this court lacks subject matter jurisdiction to entertain the petition for review or to transfer it to the appropriate court of appeals, *see Monteiro v. Attorney Gen.*, 261 Fed Appx. 368, 369 (3d Cir. 2008), the petition will be dismissed.. The motion for stay of removal will be denied as moot.

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is construed as a petition for review of the order of removal of the immigration judge.

2. The petition for review (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

3. The motion for stay of removal (Doc. 5) is **DENIED** as moot.

4. The Clerk of Court shall **CLOSE** this case.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: August 4, 2008.