IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS JOSE PORTES-ORTIZ,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-08-1321** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MICHAEL MUKASEY,** *et al.,* | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court is Petitioner Carlos Jose Portes-Ortiz's motion for reconsideration (Doc. 7) of the court's August 4, 2008 order dismissing his petition for writ of habeas corpus (Doc. 1) filed under 28 U.S.C. § 2241 for lack of subject matter jurisdiction.  (*See* Doc. 6.)

Petitioner, who was confined at the York County Prison in York, Pennsylvania at the time of filing, challenged his actual removal to the Dominican Republic on the basis that he is entitled to derivative citizenship through his ex-wife and to protection under the Convention Against Torture.  Because he was challenging his actual removal rather than his continued detention pending removal, the court construed his petition as a petition for review of the immigration judge's removal order.  (*See* Doc. 6.)  The exclusive remedy for challenging an order of removal is a petition for review

filed with "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); *see also* 8 U.S.C. § 1252(a)(5); *Jordon v. Attorney Gen.*, 424 F.3d 320, 326 (3d Cir. 2005). Because this court lacked subject matter jurisdiction to entertain a petition for review, or to transfer it to the appropriate court of appeals,[1] *see Monteiro v. Attorney General*, 261 Fed. Appx. 368, 369 (3d Cir. 2008), the petition was dismissed. (*See* Doc. 6.) Thereafter, Portes-Ortiz filed the instant motion for reconsideration. (Doc. 7.) After careful review, the court will deny the motion.

I.  **Legal Standard**

The purpose of a motion for reconsideration is to correct manifest errors of law

---

[1] 28 U.S.C. § 1631 provides a vehicle for the court to remove a petition for review of administrative action to the Court of Appeals. *Paul v. I.N.S.*, 348 F.3d 43, 46–47 (2d Cir. 2003) (finding that Congress intended § 1631 "to aid litigants who were confused as to the proper forum for review"). The court, however, cannot exercise this discretion where the Court of Appeals lacked jurisdiction at the time the action was brought. *See* 28 U.S.C. § 1631. Generally, "where a statute sets the time within which an appeal may be taken to federal court, expiration of that period has been held to deprive the court of its power of adjudication. *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Mgmt. Comm'n*, 866 F.2d 616, 625 (3d Cir. 1989). Under 8 U.S.C. § 1252, the Court of Appeals has jurisdiction to review an order of removal if the petition for review of the order is "filed no later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252. An untimely filed petition strips the Court of Appeals of jurisdiction. *Monteiro v. Attorney Gen.*, 261 Fed. Appx. 368, 369 (3d Cir. 2008) (finding court lacked jurisdiction to consider untimely appeal under § 1252(b)(1)); *Scott v. Attorney Gen.*, 171 Fed. Appx. 404, 406 (same); Shah *v. Gonzales*, 197 Fed. Appx. 506, 509 (7th Cir. 2006) (same); *Malvoisin v. I.N.S.*, 268 F.3d 74, 75–76 (2d Cir. 2001) (finding court lacked jurisdiction to consider petition under § 1252(b)(1) filed one day after expiration of 30 day time limit). In the instant case, an Immigration Judge entered an order of removal on April 29, 2008. Petitioner filed his petition for review of the removal order on July 11, 2008. Therefore, the court lacked jurisdiction to remove the petition to the Court of Appeals.

or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**II.     Discussion**

In his motion, Portes-Ortiz argues that this court erred in not considering the merits of his petition and reiterates the arguments contained therein. This court determined as a threshold issue that it lacked subject matter jurisdiction to entertain the merits of the petition. Portes-Ortiz does not argue that there has been an intervening change in controlling law, there is new evidence that was not available

previously, or there has been a clear error of law or fact such that this court now has subject matter jurisdiction to entertain the merits of his petition.  Therefore, this court finds no basis to reconsider its decision, and will deny the motion for reconsideration.

An appropriate order follows.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated:  September 26, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS JOSE PORTES-ORTIZ,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-1321 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MICHAEL MUKASEY,** *et al.,* | : | |
| | : | |
| Respondent | : | |

## **ORDER**

In accordance with the foregoing Memorandum, **IT IS HEREBY**

**ORDERED THAT** Petitioner's motion for reconsideration (Doc. 7) is **DENIED**.

                                    s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated:  September 29, 2008.